**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-00550-WYD-CBS

2010-1 RADC/CADC VENTURE, LLC,

    Plaintiff,

vs.

KAVEH BRAL and HASHEM MIKAIL,

    Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(b)(2), 12(b)(4), and 12(b)(5)**

---

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5), defendants Hashem Mikail and Kaveh Bral move due to dismiss this action due to a lack of personal jurisdiction, insufficient process, and insufficient service of process, and in support thereof, state as follows:

**Factual Background**

The complaint initiated by 2010-1 RADC/CADC Venture, LLC,(hereinafter "RADC") alleges that Kaveh Bral and Hashem Mikail executed personal guaranties which are currently in default concerning three separate loans from New Frontier Bank to three separate entities, Denver Structures, LLC, Bay Structures, LLC and Arvada Structures, LLC.

The complaint alleges that Bral and Mikail are residents of Los Angeles, California, and the documents allegedly evidencing the original debt obligations indicate that Denver Structures, LLC is a Delaware Limited Liability Company, headquartered in Santa Monica, California, that Bay Structures, LLC, is a California Limited Liability company headquartered in Santa Monica, California, and that Arvada Structures, LLC, is a California Limited Liability Company also

1

headquartered in Santa Monica, California. *See* Complaint, ¶¶ 1, 2, 3, and Attached Exhibits A thru S.  The complaint also indicates that the plaintiff, RADC, is a Delaware Limited Liability Company with its principal place of business in Leawood, Kansas. *Id.*

## Statement of Law Concerning Personal Jurisdiction

The plaintiff has the burden to establish the Court's personal jurisdiction over the defendants. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir., 2008).

In order "[t]o obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise does not offend the due process clause of the Fourteenth Amendment." TH Agric. & Nutrition, LLC v. Ace European Group, Ltd., 488 F.3d 1282, 1286 (10th Cir., 2007) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir., 1998))

Where the state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, constitutional due process principles govern the inquiry. *See Shrader v. Biddinger*, 633 F.3d 1235, 1238 (10th Cir., 2011); *Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, 2010 U.S. Dist. LEXIS 21749, p.6   (D. Colo., Mar. 2, 2010) (internal citations omitted) ("In Colorado, this two-pronged inquiry collapses into one, because Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant.")

The Court must first determine whether the defendant has sufficient minimum contacts with Colorado, also known as "specific jurisdiction".  This inquiry "turns on whether Defendant purposefully directed its activities at Colorado, and if so whether Plaintiff's injuries arose out of

or resulted from those activities, i.e., whether a sufficient nexus exists between [between] Defendant's forum-related contacts and Plaintiff's causes of action." *Id.,* at p. 7 (citing *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.* (supra, 488 F.3d at 1291).

If the defendant has sufficient minimum contacts with Colorado, the Court will then ask "whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,' that is whether the exercise of jurisdiction is 'reasonable' under the circumstances. *Id.,*(quoting *TH Agriculture & Nutrition, LLC,* 488 F. 3d at 1287).

In contract cases, "[a] contract between an out-of-state party and a resident of the forum state cannot, standing alone establish sufficient minimum contacts with the forum." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir., 2004); *TH Agriculture & Nutrition,LLC,* 488 F.3d at 1288 (internal citation)  ("To determine whether a nonresident defendant has purposefully established minimum contact with the forum state by contracting with another party, a court must examine prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.")

A guaranty is a specialized type of contract whose terms are to be strictly construed and are not to be extended by implication beyond the express terms of the instrument or the plain intent of the parties. *See A.R.A. Mfg. Co. v. Cohen*, 654 P.2d 857, 859 (Colo. App., 1982); *Contrada, Inc. v. Parsley*, 2012 U.S. Dist. LEXIS 21708, p.5 (D. Colo., Feb. 22, 2012).

### Argument

**I.    Plaintiff failed to established sufficiency of process and sufficiency of service of process**

As of the date of the filing of this motion, March 18, 2013, plaintiff has failed to file certificates of service in this action, more than six weeks after the date the complaint was originally filed in Jefferson County, Colorado District Court. *See* Fed. R. Civ. P. 5(d)(1) (Any

paper that is required to be served-together with a certificate of service-must be filed within a reasonable time after service).

In addition to the defendants motion to dismiss for lack of jurisdiction, defendants move to dismiss for insufficient process and for insufficient service of process since plaintiff has failed to establish the manner in which the defendants were served and the documents that they were served with. *See Sellers v. Kelly Servs,* 2012 U.S. Dist. LEXIS 134659, p. 4 ("In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant…Without proof of service, a court lacks personal jurisdiction over the defendants.  The plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure"); *See* Dahl v. Kanawha Inv. Holding Co. (1995, ND Iowa) 161 FRD 673, 33 FR Serv 3d 301 (Actual notice of lawsuit by defendants does not substitute for adequate service of process, nor does it eliminate grounds for dismissal pursuant to Rule 12(b)(5))**.**

**II.     Defendants did not have sufficient minimum contacts with Colorado**

The only cause of action asserted in the complaint is a breach of guaranty cause of action, alleging that the defendants personally guaranteed loans made by New Frontier bank to Arvada Structures, LLC, Denver Structures, LLC, and Bay Structures, LLC, and that those debtors have defaulted on the loans, thus requiring the guarantors (Bral and Mikail) to repay the loan amounts. *See* Complaint ¶¶ 6-28.

It should be noted that the plaintiff, RADC, is not the original party to the guaranties, and claims the right to enforce the guaranty pursuant to an assignment of the original notes and deeds of trust supposedly purchased out of the FDIC receivership of New Frontier bank. *See*

Complaint, ¶¶ 10,11,16,17,22,23.[1] Therefore, any claimed right to payment from the guarantors is now owed to plaintiff at their principal place of business in Leawood, Kansas.

There is no dispute that the defendants, the original debtors, and the plaintiff are not residents of Colorado. The defendant guarantors are undoubtedly residents of California. The defendants' signatures on the guaranty agreements, by themselves cannot serve as a "sufficient minimum contact" with the State of Colorado for the purposes of establishing personal jurisdiction. *See Benton v. Cameco Corp.* (supra). *See also Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir., 1971) (Holding that execution of guarantee contract in another state, even where the debtors' performance was due in the forum state, was insufficient to establish the forum state's personal jurisdiction over the guarantor); *See also Leney v. Plum Grove Bank,* 670 F.2d 878,880 (10th Cir., 1982) (Holding that U.S. District Court for the District of Colorado did not have personal jurisdiction over Illinois defendant bank where the bank's only contact with Colorado constituted the mailing of a letter of credit to a Colorado attorney involving Colorado property; "Even though the sales transaction utilizing the letter of credit involved Colorado, property, Colorado probably has little interest in adjudicating this dispute or helping this plaintiff obtain relief." )

Furthermore, the guaranties themselves fail to indicate the physical location where the guarantors payment of the loan in the case of the debtors' default are due, and the underlying promissory notes are ambiguous concerning the location for the repayment of the debt. *See* Exhibit B to Complaint, Denver Structures, LLC Promissory Note ¶ 2 ("For value received I promise to pay you or your order, at your address, ***or at such other location as you may***

---

[1] Defendants do not concede that plaintiff actually possesses the right to enforce the guaranties at all since the assignment and allonge documents attached to the complaint do not expressly mention the assignment to RADC of the original lenders rights in the guaranties. *See* Exhibits F,G, L, M, R, S.

*designate.***");** *See* Exhibit D, E to Complaint (Bral, Mikail Guaranties, Denver Structures); *See* Exhibit H to Complaint, First Arvada Structures, LLC Promissory Note, ("I agree to pay this note as follows: QUARTERLY PAYMENTS OF ACCRUED INTEREST CALCULATED ON THE AMOUNT OF CREDIT OUTSTANDING BEGINNING ON 05-28-2007 AND PRINCIPAL DUE ON 02-28-2007"); *See* Exhibits J, I to Complaint (Bral, Mikail Guaranties, First Arvada Structures Loan); *See* Exhibit O to Complaint, Second Arvada Structures, LLC Promissory Note, ¶ 5 ("I agree to pay this Note in installments of accrued interest beginning November 28, 2007, and then on the same day in each third month thereafter. I agree to pay the entire unpaid Principal and any accrued but unpaid interest on February 28, 2009"); *See* Exhibits P, Q, to the Complaint (Bral, Mikail Guaranties, Second Arvada Structures, LLC loan).

The guaranty documents, promissory notes, and deeds of trust also indicate that the documents are to be interpreted by the laws of Colorado, California, and Kansas, depending on the choice of law terms in the agreements, which does not necessarily indicate the defendants intended to "purposefully avail" themselves of Colorado jurisdiction merely by executing the guaranty agreements. *See* Exhibits B, C to Complaint, Denver Structures, LLC Promissory Note and Deed of Trust ¶¶ 17, 23 (Applicable law Colorado "This Note is governed by the laws of Colorado, the United States of America, and to the extent required, by the laws of the jurisdiction where the property is located, except to such extent such state laws are preempted by federal law."); *See* Exhibits D, E to Complaint, Bral, Mikail Guaranties, Denver Structures ¶ 14 ("This Note is governed by the laws of Colorado, the United States of America, and to the extent required, by the laws of the jurisdiction where the property is located, except to such extent such state laws are preempted by federal law**.**"); *See* Exhibit H to Complaint, First Arvada Structures, LLC Promissory Note, p. 2 ¶¶ 1,2 (Applicable law presumably Kansas: "The law of the state in

6

which you are located will govern this note. "You" or "Your" means the Lender and its successors and assigns); *See* Exhibits J, I to Complaint, Bral, Mikail Guaranties, First Arvada Structures Loan, p. 2 ¶ 13 (Applicable law presumably California since both guarantors are residents of California; "This guaranty shall be governed by the laws of the State in which it is executed"); *See* Exhibit O to Complaint, Second Arvada Structures, LLC Promissory Note, ¶ 24 and Exhibits P, Q, to the Complaint, Bral, Mikail Guaranties, Second Arvada Structures, LLC loan, ¶ 14 (Applicable law Colorado: "This [Note/Guaranty] is governed by the laws of Colorado, the United States of America, and to the extent required, by the laws of the jurisdiction where the property is located, except to such extent such state laws are preempted by federal law.").

In addition, at or around the time of the alleged defaults on the promissory notes, at which point the guarantors obligations allegedly accrued, an FDIC receiver was appointed to take over the affairs of New Frontier Bank.[2]

Since an FDIC receiver is entitled to collect all obligations and money due to the failed banking institution, the guarantors' repayment obligations were presumably due directly to the receiver at the receiver's 1601 Bryan Street, Dallas, TX 75201 address. *See* Attached Exhibit 1 (Insured Deposit Purchase and Assumption Agreement, date April 10, 2009) (Assigning only deposit-backed loans to Greely, Colorado Assumption Bank for collection); *See* Federal Deposit Ins. Corp. v. Galloway, 856 F.2d 112, 112-117 (10th Cir. Kan. 1988) (Concerning FDIC receiver's attempt to collect on guaranty agreements acquired as receiver assets from a failed lending institution)

---

[2] The Court may take judicial notice of the facts concerning the FDIC receivership since they are not subject to reasonable dispute. Fed R. Evidence 201 (d) ("A court shall take notice of judicial notice if requested by a party and supplied with the necessary information") *See http://www.fdic.gov/bank/individual/failed/newfrontier.html*

The complaint also does not allege, nor do the facts support personal jurisdiction based on the defendants exhibiting a "previous or systematic relationship with Colorado" leading up to the execution of the guaranty contracts, that indicate a previous course of dealing by the defendants in Colorado. *See* Complaint, ¶¶ 6-28. The plaintiff cannot impute the debtor entities contacts with the State of Colorado for the purposes of the obtaining the loans, to the defendant guarantors personally. *Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, 2010 U.S. Dist. LEXIS 21749, p.12 (D.Colo., Mar. 2010) ("Because personal jurisdiction requires a purposeful act by the defendant "itself", personal jurisdiction is not associational or derivative in nature.")

## I.     Jurisdiction over defendants does not conform to Traditional Notions of Fair Play and Substantial Justice

Even where it has been established that the defendant has purposefully established minimum contacts with a forum state, "minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction." *TH Agric. & Nutrition, LLC v. Ace European Group, Ltd.,*(supra) 448 F.3d at 1292.   Reasonableness of jurisdiction is assessed by weighing five factors: 1) the burden on the defendant, 2) the forum state's interest in resolving the dispute, 3) the plaintiff's interest in receiving convenient and effective relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several states in furthering fundamental substantive social policies. *Intercom v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1249 (10th Cir.,2000) (internal citations omitted).

In addition, "[i]n assessing the reasonableness of jurisdiction, we also take into account the strength of a defendant's minimum contact.   As we have previously stated, the reasonableness prong of the due process inquiry 'evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of

unreasonableness to defeat jurisdiction.'" *TH Agric. & Nutrition, LLC v. Ace European Group, Ltd.,*(supra) 448 F.3d at 1292.

Here, even if the defendants are determined to have made sufficient contacts with Colorado arising solely out of their execution of the guaranty contract, the United States District Court for the District of Colorado has little interest in resolving the dispute since the supposed right to enforce the guaranty is no longer held by a Colorado bank, but instead by a Kansas limited liability company.  Furthermore, the fact that the laws of various states, not just Colorado, may apply to the enforcement of the terms of the notes, deeds of trust, and guaranties themselves, does not indicate that this Court has a strong interest in deciding this dispute.

In contrast, the burden on the defendants would be significant to litigate this matter in Colorado.  Both individual defendants reside and work in Los Angeles, California, the debtor entities and their offices are in Santa Monica, California, all debtor employee witnesses that interacted with the now defunct Frontier Bank on behalf of the defendants are located in California, and all documentary evidence concerning the underlying loan transactions apparently reside in California since it appears from the complaint that plaintiff possesses only the promissory notes and deeds of trust which were assigned by the FDIC receiver.  There is neither any prejudice nor inconvenience to the plaintiff in litigating this matter in a different forum state, since plaintiff is merely seeking to enforce its allegedly assigned right to enforce the guaranties.

WHEREFORE, defendants respectfully request the Court dismiss the complaint pursuant to Fed. R. of Civ. Pro. 12(b)(2), 12(b)(4), and 12(b)(5).

RESPECTFULLY SUBMITTED this 18th day of March, 2013.

                                              MORITZ LAW, L.L.C.

                                              *S/Rolf J. von Merveldt, III*
                                              Rolf J. von Merveldt, III
                                              Joel Moritz
                                              3570 E. 12th Ave
                                              Denver, CO 80206
                                              Telephone: (303)-586-5004
                                              FAX:(303)-555-5554
                                              Attorneys for Defendants Hashem
                                              Mikail and Kaveh Bral

## CERTIFICATE OF SERVICE

     I hereby certify on this 18th day of March, 2013, a true and correct copy of the above **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)** was electronically mail noticed to the following attorneys of record:

Lino S. Lipinsky de Orlov
McKenna Long & Aldridge, LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202


                                              *S/Rolf J. von Merveldt, III*