IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00550-WYD-CBS

2010-1 RADC/CADC VENTURE, LLC,

    Plaintiff,

v.

KAVEH BRAL and HASHEM MIKAIL,

    Defendants.

---

## PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM DEFENDANT KAVEH BRAL AND TO STRIKE DEFENDANTS' UNTIMELY OBJECTIONS

---

Plaintiff, 2010-1 RADC/CADC Venture, LLC (the "Venture"), respectfully moves for an order (a) compelling defendant Kaveh Bral to answer the Venture's interrogatories (the "Interrogatories") and (b) striking Bral's and defendant Hashem Mikail's untimely objections to the Interrogatories and to the Venture's Rule 34 requests (the "Document Requests").

Bral's and Mikail's responses to the Interrogatories and the Document Requests were due on May 28, 2013 (the "Deadline"). Bral and Mikail did not provide the Venture with their responses and objections to the Interrogatories and the Document Requests until June 7, 2013 – ten days after the Deadline. Although Mikail signed and verified his untimely interrogatory responses, Bral failed to provide the Venture with signed and verified responses. The Venture has yet to receive signed and verified interrogatory responses from Bral.

Under the circumstances, as explained further below, the Venture is entitled to an order (a) compelling Bral to provide signed and verified responses to the Interrogatories, within three days of the date of such order, pursuant to Rule 37(a)(3)(B)(iii); (b) striking Bral's and Mikail's

untimely objections to the Interrogatories and the Document Requests; and (c) directing Bral to pay (i) the Venture's reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Rule 37(a)(5)(A), and (ii) the Venture's reasonable expenses, including attorney's fees, caused by Bral's failure to respond to the Interrogatories, pursuant to Rule 37(d)(3).

## CERTIFICATION PURSUANT TO D.C.COLO.LCIVR 7.1.A

On several occasions, including during a telephone conference (the "Telephone Conference") with the Magistrate Judge on May 30, 2013, counsel for the Venture and counsel for Bral and Mikail discussed Bral's failure to provide the Venture with signed and verified responses to the Interrogatories, as well as Bral's and Mikail's waiver of their objections to the Interrogatories and the Document Requests as a consequence of their failure to submit such objections by the Deadline. Furthermore, on June 3, 2013 and on June 20, 2013, counsel for the Venture had hand-delivered to counsel for Bral and Mikail letters (the "Discovery Letter") discussing the issues that are the subject of this motion, as well as other deficiencies in Bral's and Mikail's responses to the Venture's written discovery requests (the "Discovery Requests"). (Copies of the Discovery Letters and the Discovery Requests are submitted herewith as Exhibits A, B, and C, respectively.) Despite undersigned counsel's numerous attempts to resolve the pending discovery disputes through telephone calls and correspondence, Bral has yet to provide the Venture with signed and verified responses to the Interrogatories, and neither Bral nor Mikail has withdrawn his untimely objections to the Interrogatories and the Document Requests.

## BACKGROUND OF THIS MOTION

The Venture propounded the Discovery Requests, containing the Interrogatories, the Document Requests, and requests for admission, to Bral and Mikail on April 26, 2013. Because

the Venture had the Discovery Requests hand-delivered to counsel for Bral and Mikail, pursuant to Rules 5(b)(1) and 5(b)(2)(B), Bral's and Mikail's responses to the Requests were due on May 28, 2013. *See* Fed. R. Civ. P. 33(b)(2) ("[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories"); Fed. R. Civ. P. 34(b)(2)(A) (responses to document requests due 30 days following service); Fed. R. Civ. P. 36(a)(3) (similar rule for requests for admission); Fed. R. Civ. P. 6(d) (three days not added to court deadlines when a paper is hand delivered).

On the Deadline, counsel for Bral and Mikail provided counsel for the Venture with Bral's and Mikail's responses to the Venture's requests for admission, but inexplicably did not provide any responses to the Interrogatories or to the Document Requests. (A copy of Bral's and Mikail's responses to the Venture's requests for admission dated May 28, 2013 is submitted herewith as Exhibit D.) On June 7, 2013, ten days following the Deadline, counsel for Bral and Mikail provided counsel for the Venture with Bral's and Mikail's overdue responses to the Interrogatories and the Document Requests. (A copy of Bral's and Mikail's discovery responses provided to the Venture on June 7, 2013 is submitted herewith as Exhibit E.) Such responses included Mikail's signed and verified answers to the Interrogatories. Bral never provided the Venture with signed and verified responses to the Interrogatories, however.

During the Telephone Conference, the Magistrate Judge explained that Bral had not responded to the Interrogatories because he had not provided the Venture with signed and verified responses thereto, and that Bral and Mikail had waived their objections to the

Interrogatories and the Document Requests by failing to submit such objections by the Deadline. Bral and Mikail ignored the Magistrate Judge's admonitions, however.[1]

In this motion, the Venture seeks limited relief – an order compelling Bral to provide the Venture with signed and verified responses to the Interrogatories, pursuant to Rule 37(a)(3)(B)(iii); striking Bral's and Mikail's untimely objections to the Interrogatories and the Document Requests; and requiring Bral to pay the Venture's reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Rule 37(a)(5)(A), and the Venture's reasonable expenses, including attorney's fees, caused by Bral's failure to respond to the Interrogatories, pursuant to Rule 37(d)(3). The Venture reserves the right to file at a later date a separate motion compelling Bral and Mikail to correct the other deficiencies in their responses to the Discovery Requests.

## ARGUMENT

### I. THE VENTURE IS ENTITLED TO AN ORDER COMPELLING BRAL TO PROVIDE SIGNED AND VERIFIED RESPONSES TO THE INTERROGATORIES, AND SANCTIONING HIM FOR HIS FAILURE TO SUBMIT TIMELY INTERROGATORY RESPONSES.

There can be no dispute that Bral never responded to the Interrogatories because he has failed to provide the Venture with signed and verified responses thereto. Rule 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(5) provides, "[t]he person who makes the answers must sign them . . . ." Unsigned answers to interrogatories are the equivalent of a failure to provide

---

[1] During the Telephone Conference, the Magistrate Judge stated that he would schedule a hearing, at which Bral and Mikail would be ordered to appear, in the event that Bral and Mikail persisted in their refusal to comply with the discovery rules. In the event the Court schedules such a hearing, the Venture requests that it be set expeditiously to avoid any delay in issuance of the order compelling Bral to answer the Interrogatories.

*any* interrogatory responses. *Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970), *aff'd*, 447 F.2d 1358 (2d Cir. 1971) (unsigned writing does not qualify as interrogatory answer). "The failure to meet the simple requirement of providing verification can only be seen as a flagrant disregard of these Rules, Advisory Notes, and case precedents." *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 540 (S.D. W. Va. 2005). Litigants must strictly comply with Rule 33. *Id.* at 538; *see Poole v. Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000) ("[t]he integrity of the discovery process rests on the faithfulness of parties and counsel to the rules – both the spirit and the letter").

In light of Bral's disregard for his discovery obligations under the Federal Rules of Civil Procedure, the Venture is entitled to relief under Rule 37(a)(3)(B)(iii), Rule 37(a)(5)(A), and Rule 37(d)(1)(A)(ii). Under Rule 37(a)(3)(B)(iii), the Court should enter an order compelling Bral to provide signed and verified answers to the Interrogatories. Pursuant to Rule 37(a)(5)(A), the Venture is entitled to an award of its "reasonable expenses incurred in making [this] motion, including attorney's fees." Furthermore, the Venture is entitled to recover from Bral its reasonable expenses, including attorney's fees, caused by Bral's failure to respond to the Interrogatories, pursuant to Rule 37(d)(1)(A)(ii).

## II. THE VENTURE IS FURTHER ENTITLED TO AN ORDER STRIKING BRAL'S AND MIKAIL'S UNTIMELY OBJECTIONS TO THE INTERROGATORIES AND THE DOCUMENT REQUESTS.

As the Court explained during the Telephone Conference, Bral and Mikail waived their objections to the Interrogatories and the Document Requests by failing to make timely objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground [for objection] not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure"). Such rule applies analogously to Rule 34 and other types of discovery requests. *See Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000). Bral and Mikail have never

5

provided any excuse, much less a timely excuse, for their failure to provide timely objections to the Interrogatories and the Document Requests. Therefore, as a matter of law, Bral and Mikail have waived all of their objections to the Interrogatories and the Document Requests. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012); *Senat v. City of New York*, 255 F.R.D. 338, 390 (E.D.N.Y. 2009).

## CONCLUSION

WHEREFORE, the Venture respectfully requests that the Court enter an order as follows:

(a) Compelling Bral to provide the Venture with signed and verified responses to the Interrogatories no later than three days from the date of this Court's order, pursuant to Rule 37(a)(3)(B)(iii);

(b) Requiring Bral to pay the Venture's reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Rule 37(a)(5)(A);

(c) Requiring Bral to pay the Venture's reasonable expenses, including attorney's fees, caused by Bral's failure to respond to the Interrogatories, pursuant to Rule 37(d)(3);

(d) Allowing the Venture fourteen days from the date of this Court's order in which to submit a declaration setting forth the amount of its reasonable expenses incurred in making this motion, including attorney's fees, and the amount of its reasonable expenses, including attorney's fees, caused by Bral's failure to respond to the Interrogatories; and

(e) Striking Bral's and Mikail's objections to the Interrogatories and the Document Requests, on the grounds that such objections are untimely.

Respectfully submitted this 28th day of June, 2013.

/s/ *Lino S. Lipinsky de Orlov*
Lino S. Lipinsky de Orlov
Amy M. Siadak
MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: llipinsky@mckennalong.com

ATTORNEYS FOR PLAINTIFF,
2010-1 RADC/CADC VENTURE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2013, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM DEFENDANT KAVEH BRAL AND TO STRIKE DEFENDANTS' UNTIMELY OBJECTIONS** was electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to, and was hand-delivered to, the following:

Joel Moritz, Esq.
Moritz Law, L.L.C.
3570 E. 12th Avenue
Denver, Colorado  80206

Rolf J. von Merveldt, III, Esq.
Moritz Law, L.L.C.
3570 E. 12th Avenue
Denver, Colorado  80206

/s/ Lino S. Lipinsky de Orlov
Lino S. Lipinsky de Orlov

DN 32250370.1