**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00550-WYD-CBS

2010-1 RADC/CADC VENTURE, LLC,

      Plaintiff,

v.

KAVEH BRAL and HASHEM MIKAIL,

      Defendants.

---

**EXHIBIT E**
**TO**
**PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM**
**DEFENDANT KAVEH BRAL AND**
**TO STRIKE DEFENDANTS' UNTIMELY OBJECTIONS**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:13-cv-00550WYD-CBS

2010-1 RADC/CADC VENTURE, LLC,

     Plaintiff,

vs.

KAVEH BRAL and HASHEM MIKAIL,

     Defendants.

---

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST WRITTEN DISCOVERY

### INTERROGATORIES

     Defendants Kaveh Bral and Hashem Mikail, hereby respond to plaintiff's first set of interrogatories:

**INTERROGATORY NO. 1:**

     Identify all facts supporting your contention that the Guaranties are unenforceable as a consequence of the Bank's alleged fraud.

**RESPONSE:**

     Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

     Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

1

Without waiving said objection, New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the construction project through to completion. The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time. New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project. Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to

2

Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry

Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are

having problems accessing such records and will supplement this response as more information

becomes available.

**INTERROGATORY NO. 2:**

     Identify all facts supporting your contention that the Guaranties are unenforceable as a
consequence of the Bank's alleged fraud in the inducement.

**RESPONSE:**

     Defendants object to this interrogatory since Defendants have not yet filed an answer to

the complaint in this action, and the defendants have not yet raised affirmative defenses,

including the affirmative defense identified in this interrogatory. Defendants will raise

appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of

the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court

order determining when the issue of personal jurisdiction will be decided.

     Defendants also object on the basis that this interrogatory is an improper and premature

contention interrogatory.

     Without waiving said objection, New Frontier Bank representatives represented to

Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and

Mikail that New Frontier Bank was financially secure, and that it could finance their entire

construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites.

New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal

money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the

construction project through to completion. The representations made by New Frontier Bank's

representatives was knowingly false since the New Frontier Bank's executives and

3

representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time.  New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project.  Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached  guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others.  Due to changes in staff and data problems, defendants are having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 3:**

Identify all statements, representations, actions or other events or circumstances that you allege constitute fraud by the Bank in connection with one or more of the Loans.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to

4

the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the construction project through to completion. The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time. New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project. Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 4:**

Please state how you, Denver Structures, LLC, and/or Arvada Structures, LLC detrimentally relied on any alleged fraud identified in your responses to the above interrogatories.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the construction project through to completion.  The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time.  New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project.  Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached  guaranty agreements with Bral and Mikail.

7

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 5:**

Identify all communications during which you contend that the Bank made one or more false statements regarding any of the Loans.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the

8

construction project through to completion. The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time. New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project. Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 6:**

Identify all facts supporting your contention that your performance under Guaranties was released.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

**INTERROGATORY NO. 7:**

Identify all facts supporting your contention that your performance under the Guaranties was released.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

**INTERROGATORY NO. 8:**

Identify all facts supporting your contention that your performance under Guaranties was excused.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

**INTERROGATORY NO. 9:**

Identify all facts supporting your contention that the Venture is estopped from enforcing the Guaranties.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

**INTERROGATORY NO. 10:**

Identify all facts not set forth in your responses to the above interrogatories supporting your contention that the Notes and/or Guaranties are unenforceable, in whole or in part.

11

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the construction project through to completion. The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time. New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project. Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of

other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 11:**

Identify all facts supporting your contention that the Venture is not the holder of the Notes.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Defendants also object on the basis that the term "holder" has a specific legal definition applicable only to commercial paper pursuant to article 3 of the Uniform Commercial Code, and therefore calls for the defendants to reach a legal conclusion.

Without waiving said objection, any notes signed by Bral and/or Mikail as representatives of Arvada Structures, LLC and Denver Structures, LLC, were in favor New Frontier Bank, not the Venture. Although counsel for the Venture represents that he possesses the original notes, without personally comparing the original notes and the alleged copies attached to these interrogatories, Defendants cannot confirm that the Venture is in possession of the original notes. Defendants are prepared to supplement this response provided that the Venture's counsel brings the original documents to the deposition of defendants Bral and Mikail, at which point they can compare the originals with the alleged copies attached to the complaint.

**INTERROGATORY NO. 12:**

Identify all facts supporting your contention that the Venture is not the holder of the Guaranties.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

14

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Defendants also object on the basis that the term "holder" has a specific legal definition applicable to commercial paper pursuant to article 3 of the Uniform Commercial Code, and therefore calls for the defendants to reach a legal conclusion.

Without waiving said objection, any guaranties signed by Bral and/or Mikail relating to Arvada Structures, LLC and Denver Structures, LLC, were issued by New Frontier Bank. Bral and Mikail are not aware of any document assigning New Frontier's rights in such guaranties to the Venture. To the extent it may be determined as a matter of law that the FDIC assigned rights in the guaranties to the Venture, at no point did the defendants consent to the FDIC receivership or the FDIC's assignment of rights in the guaranties. Defendants, on behalf of Arvada Structures, and Denver Structures instead offered to the FDIC to purchase all notes relating to Arvada Structures and Denver Structures. To defendants' knowledge, the FDIC ignored defendants' offer.

**INTERROGATORY NO. 13:**

Identify all facts supporting your contention that the Venture is not the real party in interest for purposes of enforcing the Notes.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

15

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, any notes signed by Bral and/or Mikail as representatives of Arvada Structures, LLC and Denver Structures, LLC, were in favor New Frontier Bank, not the Venture. Although counsel for the Venture represents that he possesses the original notes, without personally comparing the original notes and the alleged copies attached to these interrogatories, Defendants cannot confirm that the Venture is the real party in interest in possession of the original notes. Defendants are prepared to supplement this response provided that the Venture's counsel brings the original documents to the deposition of defendants Bral and Mikail, at which point they can compare the originals with the alleged copies attached to the complaint.

**INTERROGATORY NO. 14:**

Identify all facts supporting your contention that the Venture is not the real party in interest for purposes of enforcing the Guaranties.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

16

Without waiving said objection, any guaranties signed by Bral and/or Mikail relating to Arvada Structures, LLC and Denver Structures, LLC, were issued by New Frontier Bank. Bral and Mikail are not aware of any document assigning New Frontier's rights in such guaranties to the Venture. To the extent it may be determined as a matter of law that the FDIC assigned rights in the guaranties to the Venture, at no point did the defendants consent to the FDIC receivership or the FDIC's assignment of rights in the guaranties. Defendants, on behalf of Arvada Structures, and Denver Structures instead offered to the FDIC to purchase all notes relating to Arvada Structures and Denver Structures. To defendants' knowledge, the FDIC ignored defendants' offer.

**INTERROGATORY NO. 15:**

Identify all facts supporting your contention that the FDIC did not have the right to assign the Notes to the Venture without the authorization of the payors thereunder.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, any notes signed by Bral and/or Mikail on behalf of Arvada Structures, LLC and/or Denver Structures, LLC, were issued by New Frontier Bank. To defendants' knowledge, Arvada Structures, LLC and Denver Structures, LLC, did not consent to

the assignment of the notes by the FDIC acting as a receiver for New Frontier Bank. Defendants, on behalf of Arvada Structures, and Denver Structures instead offered to the FDIC to purchase all notes relating to Arvada Structures and Denver Structures. To defendants' knowledge, the FDIC ignored defendants' offer.

**INTERROGATORY NO. 16:**

Identify all facts supporting your contention that the FDIC did not have the right to assign the Guaranties to the Venture without your authorization.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, any guaranties signed by Bral and/or Mikail relating to Arvada Structures, LLC and Denver Structures, LLC, were issued by New Frontier Bank. At no point did the defendants consent to the FDIC receivership or the FDIC's assignment of rights in the guaranties. Defendants, on behalf of Arvada Structures, and Denver Structures instead offered to the FDIC to purchase all notes relating to Arvada Structures and Denver Structures. To defendants' knowledge, the FDIC ignored defendants' offer.

**INTERROGATORY NO. 17:**

Identify all facts supporting your contention that the Venture waived the right to

accelerate the Notes due to inaction.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

**INTERROGATORY NO. 18:**

Identify any facts not set forth in your responses to the above interrogatories supporting your contention that you are not liable to the Venture on the Guaranties.

**RESPONSE:**

Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this interrogatory.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Defendants also object on the basis that this interrogatory is an improper and premature contention interrogatory.

Without waiving said objection, New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and

Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the construction project through to completion. The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time. New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project. Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are

20

having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 19:**

State the amount of funds disbursed, advanced, or paid pursuant to each of the Loans and the date of each such disbursement, advance, or payment.

**RESPONSE:**

Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not know the amount of funds disbursed, advanced, or paid pursuant to each of the Loans and the date of each such disbursement, advance, or payment.

Defendant Halston Mikail at one time had knowledge of the amount of funds disbursed, advanced, or paid pursuant to each of the Loans and the date of each such disbursement, advance, or payment, but does not now know or recollect the details involving these transactions. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and recordkeepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement these responses as more information becomes available. Mr. Mikail is also in the process of reviewing plaintiff's disclosure documents which will likely refresh Mr. Mikail's recollection concerning the amount of funds disbursed, advanced, or paid pursuant to each of the Loans and the date of such disbursement, advance or payment. Mr. Mikail will supplement this response accordingly after a fully review of the documents provided.

**INTERROGATORY NO. 20:**

Identify all communications between you, either individually or on behalf of any entity

and the Bank relating to any of the Loans.

**RESPONSE:**

Defendants object to this interrogatory to the extent that the definition of "Identify" causes this interrogatory to become 7 interrogatories, as each sub-part of the definition of "Identify" is a discrete sub-part which exceeds the permitted number of interrogatories.

Without waiving said objections, Defendant Mikail had conversations with representatives of New Frontier Bank on multiple occasions concerning the loans prior to the loans being issued. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and recordkeepers, Defendant Mikail is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC, which would refresh his recollection as to the exact date of each communication, and the person with which the conversation was made. Defendant Mikail has taken reasonable steps to recover the records and will supplement these responses as more information becomes available. At all times, the representatives of New Frontier Bank represented that they had funds available to fully and timely fund the loan amounts requested by Denver Structures, LLC and Arvada Structures, LLC. Defendant Mikail also communicated with representatives of New Frontier Bank on multiple occasions concerning loan advances, including communications concerning New Frontier's delay in submitting loan advances.

New Frontier Bank representatives represented to Arvada Structures, LLC and Denver Structures, LLC as well as to the defendants Bral and Mikail that New Frontier Bank was financially secure, and that it could finance their entire construction project at the Arvada Structures, LLC and Denver Structures, LLC building sites. New Frontier Bank also required

22

that defendants Mikail and Bral wire $200,000 of their personal money to New Frontier Bank in exchange for New Frontier Bank agreeing to finance the construction project through to completion. The representations made by New Frontier Bank's representatives was knowingly false since the New Frontier Bank's executives and representatives knew that the Bank was not able to meet its lending commitments and knew that the Bank was facing FDIC receivership at the time. New Frontier Bank in fact used the $200,000.00 provided by defendants Bral and Mikail to fund loans to other banking customers with no intention whatsoever of providing loans to Arvada Structures, LLC and Denver Structures, LLC to finance the construction project. Defendants' Bral and Mikail were induced to sign guaranties based on New Frontier's knowingly false representations, as were hundreds of other borrowers, and Defendants Bral and Mikail suffered damages as a result of New Frontier Bank's knowingly false representations.

In addition, New Frontier Bank delayed in making advances on the construction loans due to their internal problems and fraudulent lending practices with other borrowers which caused delays in the construction project and breached the construction loan agreements with Denver Structures, LLC and Arvada Structures, LLC, and breached guaranty agreements with Bral and Mikail.

Defendants Bral and Mikail are attempting to access records from six years ago relating to communications with New Frontier Bank representatives, including but not limited to Christopher (last name unknown), Brian Hundertmark, Kevin Beard, Dave Kelley, Terry Seelhoff, Larry Seastrom, and others. Due to changes in staff and data problems, defendants are having problems accessing such records and will supplement this response as more information becomes available.

**INTERROGATORY NO. 21:**

Identify all communications between you either individually or on behalf of any entity, and the FDIC relating to any of the Loans.

**RESPONSE:**

Defendants, on behalf of Arvada Structures, and Denver Structures instead offered to the FDIC to purchase all notes relating to Arvada Structures and Denver Structures. To defendants' knowledge, the FDIC ignored defendants' offer.

**INTERROGATORY NO. 22:**

State the location(s) where you signed each of the Notes and the Guaranties.

**RESPONSE:**

Defendants recall signing various documents relating to the Loans in Colorado and California. Other than Exhibit C, which contains a notarization indicating the document was signed in Boulder, Colorado, defendants cannot remember which documents were signed in Colorado and which documents were signed in California. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and recordkeepers, Defendant Mikail is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC, which would refresh his recollection as to the exact date of each communication, and the person with which the conversation was made. Defendant Mikail has taken reasonable steps to recover the records and will supplement these responses as more information becomes available.

## REQUESTS FOR PRODUCTION

Defendants' Kaveh Bral and Hashem Mikail, hereby respond to plaintiff's first set of requests for production of documents:

**REQUEST FOR PRODUCTION NO.1**

Produce all documents supporting your contention that the Guaranties are unenforceable

as a consequence of the Bank's alleged fraud.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and recordkeepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 2**

Produce all documents supporting your contention that the Guaranties are unenforceable as a consequence of the Bank's alleged fraud in the inducement.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts

supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 3**

Produce all documents reflecting any statement, representation, action, or other event or circumstance that you alleged constituted fraud by the Bank in connection with one or more of the Loans.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC.  Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 4**

Produce all documents supporting your contention that you, Denver Structures, LLC, and/or Arvada Structures, LLC detrimentally relied on each of the alleged fraudulent statements identified in your responses to Interrogatories, No. 1, 2, and 3 above.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of

Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 5**

Produce all documents supporting your contention that your performance under the Guaranties was waived.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

28

**REQUEST FOR PRODUCTION NO. 6**

Produce all documents supporting your contention that your performance under the Guaranties was released.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 7**

Produce all documents supporting your contention that your performance under the Guaranties was excused.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative

defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 8**

Produce all documents supporting your contention that the Venture is estopped from enforcing the Guaranties.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 9**

Produce all documents supporting your contention that the Notes and/or Guaranties are unenforceable, in whole or in part.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff,

including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 10**

Produce all documents supporting your contention that the Venture is not the holder of the Notes.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 11**

Produce all documents supporting your contention that the Venture is not the holder of the Guaranties.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents.   Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC.  Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 12**

Produce all documents supporting your contention that the Venture is not the real party in interest for purposes of enforcing the Notes.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of

documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 13**

Produce all documents supporting your contention that the Venture is not the real party in interest for purposes of enforcing the Guaranties.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge

concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 14**

Produce all documents supporting your contention that the FDIC did not have the right to assign the Notes to the Venture without the authorization of the payors thereunder.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the

Denver Structures, LLC and Arvada Structures, LLC.  Mr. Mikail has taken reasonable steps to

recover the records and will supplement this response to request for production of documents as

more information becomes available.

**REQUEST FOR PRODUCTION NO. 15**

Produce all documents supporting your contention that the FDIC did not have the right to
assign the Guaranties to the Venture without your authorization.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed

an answer to the complaint in this action, and the defendants have not yet raised affirmative

defenses, including the affirmative defense identified in this request for production of

documents.  Defendants will raise appropriate affirmative defenses and assert any facts

supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack

of personal jurisdiction, or any other Court order determining when the issue of personal

jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge

concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and

therefore did not and does not have documents to produce in response to this request for

production of documents. Defendant Mikail has made a reasonable inquiry into the records of

Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff,

including accountants and record-keepers, is having difficulty locating records relating to the

Denver Structures, LLC and Arvada Structures, LLC.  Mr. Mikail has taken reasonable steps to

recover the records and will supplement this response to request for production of documents as

more information becomes available.

**REQUEST FOR PRODUCTION NO. 16**

Produce all documents not produced pursuant to the above requests for production

supporting your contention that you are not liable to the Venture on the Guaranties.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 17**

Produce all documents reflecting the disbursement(s), advance(s), and payment(s) made pursuant to each of the Loans.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts

supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 18**

Produce all documents reflecting any communications between you, either individually or on behalf of any entity, and the Bank relating to any of the Loans.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents. Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and

therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC.  Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODUCTION NO. 19**

Produce all documents reflecting any communications between you, either individually or on behalf of any entity, and the FDIC relating to any of the Loans.

**RESPONSE:** Defendants object to this interrogatory since Defendants have not yet filed an answer to the complaint in this action, and the defendants have not yet raised affirmative defenses, including the affirmative defense identified in this request for production of documents.  Defendants will raise appropriate affirmative defenses and assert any facts supporting those defenses within 14 days of the denial of Defendants' motion to dismiss for lack of personal jurisdiction, or any other Court order determining when the issue of personal jurisdiction will be decided.

Without waiving said objection, Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC.  Mr. Mikail has taken reasonable steps to

recover the records and will supplement this response to request for production of documents as more information becomes available.

**REQUEST FOR PRODCUTION NO. 20**

Produce all documents reflecting any communications between you, either individually or on behalf of any entity, and the Venture relating to any of your Loans.

**RESPONSE:** Defendant Kaveh Bral has or had little or no knowledge concerning the day to day affairs of Denver Structures, LLC, and Arvada Structures, LLC and therefore did not and does not have documents to produce in response to this request for production of documents. Defendant Mikail has made a reasonable inquiry into the records of Denver Structures, LLC and Arvada Structures, LLC, and due to multiple changes in staff, including accountants and record-keepers, is having difficulty locating records relating to the Denver Structures, LLC and Arvada Structures, LLC. Mr. Mikail has taken reasonable steps to recover the records and will supplement this response to request for production of documents as more information becomes available.

Defendants have also already disclosed all documents relating to the Venture and any of the Loans that they currently are able to locate pursuant to Defendants' Initial Disclosures. *See* MIK BRAL DISCLOSURE 1-1700, 1701-1744.

**REQUEST FOR PRODUCTION NO. 21**

Produce all documents identified in your responses to the above interrogatories.

**RESPONSE:** Defendants have also already disclosed all documents relating to the Venture and any of the Loans that they currently are able to locate pursuant to Defendants' Initial Disclosures. *See* MIK BRAL DISCLOSURE 1-1700, 1701-1744.

**REQUEST FOR PRODUCTION NO. 22**

Produce all documents not requested above relating to the Loans.

**RESPONSE:** Defendants have also already disclosed all documents relating to the Venture and any of the Loans that they currently are able to locate pursuant to Defendants' Initial Disclosures. *See* MIK BRAL DISCLOSURE 1-1700, 1701-1744.

**REQUEST FOR PRODUCTION NO. 23**

Produce all documents not requested above relating to the Guaranties.

**RESPONSE:** Defendants have also already disclosed all documents relating to the Venture and any of the Loans that they currently are able to locate pursuant to Defendants' Initial Disclosures. *See* MIK BRAL DISCLOSURE 1-1700, 1701-1744.

**REQUEST FOR PRODUCTION NO. 24**

Produce all documents relating to your response to any request for admission below for which your response is not an unqualified "admitted."

**RESPONSE:** Defendants have also already disclosed all documents relating to the Venture and any of the Loans that they currently are able to locate pursuant to Defendants' Initial Disclosures. *See* MIK BRAL DISCLOSURE 1-1700, 1701-1744.

## REQUESTS FOR ADMISSION

Defendants' Kaveh Bral and Hashem Mikail, hereby respond to plaintiff's first set of requests for admission:

**REQUEST FOR ADMISSION NO. 1:**

Admit that Exhibit D is a complete and accurate copy of the Denver Structures Bral Guaranty:

**RESPONSE:**

Defendants object to this request for admission since the definition of "Denver Structures Bral Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 19 ("The "Denver Structures Bral Guaranty" means the Guaranty that Bral executed on or about June 8, 2007, pursuant to which Bral unconditionally personally guaranteed Denver

Structures, LLC's performance and payment of its obligations arising under the Denver Structures Note, a copy of which is attached hereto as Exhibit D.")

Without waiving said objection, Defendants are without knowledge as to whether Exhibit D is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Denver Structures, LLC as defendants do not possess any original signed guaranty contracts.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Bral executed the Denver Structures Bral Guaranty on or about June 8, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Denver Structures Bral Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 19 ("The "Denver Structures Bral Guaranty" means the Guaranty that Bral executed on or about June 8, 2007, pursuant to which Bral unconditionally personally guaranteed Denver Structures, LLC's performance and payment of its obligations arising under the Denver Structures Note, a copy of which is attached hereto as Exhibit D.")

Without waiving said objection, Defendant Kaveh Bral cannot remember the precise date that he signed a guaranty relating to a loan from New Frontier Bank to Denver Structures, LLC.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Exhibit E is a complete and accurate copy of the Denver Structures Mikail Guaranty.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Denver Structures Mikail Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 20 ("The "Denver Structures Mikail Guaranty" means the Guaranty that Mikail executed on or about June 8, 2007, pursuant to which Mikail unconditionally personally

42

guaranteed Denver Structures, LLC's performance and payment of its obligations arising under the Denver Structures Note, a copy of which is attached hereto as Exhibit E.")

Without waiving said objection, defendants are without knowledge as to whether Exhibit E is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Denver Structures, LLC as defendants do not possess any original signed guaranty contracts. Exhibit E also appears to contain the initials of two people, even though only Mikail's signature appears on the last page. Without seeing the original Defendants cannot be certain that Exhibit E is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Denver Structures, LLC.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Mikail executed the Denver Structures Mikail Guaranty on or about June 8, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Denver Structures Mikail Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 20 ("The "Denver Structures Mikail Guaranty" means the Guaranty that Mikail executed on or about June 8, 2007, pursuant to which Mikail unconditionally personally guaranteed Denver Structures, LLC's performance and payment of its obligations arising under the Denver Structures Note, a copy of which is attached hereto as Exhibit E.")

Without waiving said objection, Defendant Mikail cannot remember the precise date that he signed a guaranty relating to a loan from New Frontier Bank to Denver Structures, LLC.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Exhibit F is a complete and accurate copy of the First Arvada Structures Bral Guaranty.

**RESPONSE:**

43

Defendants object to this request for admission since the definition of "First Arvada Structures Bral Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 21 ("The "First Arvada Structures Bral Guaranty" means the Guaranty that Bral executed on or about February 28, 2007, pursuant to which Bral unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the First Arvada Structures Note, a copy of which is attached hereto as Exhibit F.")

Without waiving said objection, Defendants are without knowledge as to whether Exhibit F is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Arvada Structures as defendants do not possess any original signed guaranty contracts.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Bral executed the First Arvada Structures Bral Guaranty on or about February 28, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "First Arvada Structures Bral Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 21 ("The "First Arvada Structures Bral Guaranty" means the Guaranty that Bral executed on or about February 28, 2007, pursuant to which Bral unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the First Arvada Structures Note, a copy of which is attached hereto as Exhibit F.")

Without waiving said objection, Defendant Bral cannot remember the precise date that he signed a guaranty or guaranties relating to a loan from New Frontier Bank to Arvada Structures, LLC.

**REQUEST FOR ADMISSION NO. 7:**

44

Admit that Exhibit G is a complete and accurate copy of the First Arvada Structures Mikail Guaranty.

**RESPONSE:**

Defendants object to this request for admission since the definition of "First Arvada Structures Mikail Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 22 ("The "First Arvada Structures Mikail Guaranty" means the Guaranty that Mikail executed on or about February 28, 2007, pursuant to which Mikail unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the First Arvada Structures Note, a copy of which is attached hereto as Exhibit G.")

Without waiving said objection, Defendants' are without knowledge as to whether Exhibit G is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Arvada Structures as defendants do not possess any original signed guaranty contracts. Furthermore, Exhibit G contains two signature pages, with the first signature page containing a different version of the same signature, but missing a second page. Defendants can only assume there may exist a different guaranty contract with a missing second page.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Mikail executed the First Arvada Structures Mikail Guaranty on or about February 28, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "First Arvada Structures Mikail Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 22 ("The "First Arvada Structures Mikail Guaranty" means the Guaranty that Mikail executed on or about February 28, 2007, pursuant to which Mikail unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations

arising under the First Arvada Structures Note, a copy of which is attached hereto as Exhibit G.")

Without waiving said objection, Defendant Mikail cannot remember the precise date that he signed a guaranty or guaranties relating to a loan from New Frontier Bank to Arvada Structures, LLC.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Exhibit H is a complete and accurate copy of the Second Arvada Structures Bral Guaranty.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Second Arvada Structures Bral Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 23 ("The "Second Arvada Structures Bral Guaranty" means the Guaranty that Bral executed on or about September 20, 2007, pursuant to which Bral unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the Second Arvada Structures Note, a copy of which is attached hereto as Exhibit H.")

Without waiving said objection, Defendants are without knowledge as to whether Exhibit H is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Arvada Structures as defendants do not possess any original signed guaranty contracts.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Bral executed the Second Arvada Structures Bral Guaranty on or about September 20, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Second Arvada Structures Bral Guaranty" assumes the very response that this request for admission is seeking.

46

*See* Definition 23 ("The "Second Arvada Structures Bral Guaranty" means the Guaranty that Bral executed on or about September 20, 2007, pursuant to which Bral unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the Second Arvada Structures Note, a copy of which is attached hereto as Exhibit H.")

Without waiving said objection, Defendant Bral cannot remember the precise date that he signed a guaranty or guaranties relating to a loan from New Frontier Bank to Arvada Structures, LLC.

**REQUEST FOR ADMISSION NO. 11**

Admit that Exhibit I is a complete and accurate copy of the Second Arvada Structures Mikail Guaranty.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Second Arvada Structures Mikail Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 24 ("The "Second Arvada Structures Mikail Guaranty" means the Guaranty that Mikail executed on or about September 20, 2007, pursuant to which Mikail unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the Second Arvada Structures Note, a copy of which is attached hereto as Exhibit I.")

Without waiving said objection, Defendants' are without knowledge as to whether Exhibit I is a complete and accurate copy of a guaranty relating to a loan from New Frontier Bank to Arvada Structures as defendants do not possess any original signed guaranty contracts.

**REQUEST FOR ADMISSION NO. 12**

Admit that Mikail executed the Second Arvada Structures Mikail Guaranty on or about

September 20, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Second Arvada Structures Mikail Guaranty" assumes the very response that this request for admission is seeking. *See* Definition 24 ("The "Second Arvada Structures Mikail Guaranty" means the Guaranty that Mikail executed on or about September 20, 2007, pursuant to which Mikail unconditionally personally guaranteed Arvada Structures, LLC's performance and payment of its obligations arising under the Second Arvada Structures Note, a copy of which is attached hereto as Exhibit I.")

Without waiving said objection, Defendant Mikail cannot remember the precise date that he signed a guaranty or guaranties relating to a loan from New Frontier Bank to Arvada Structures, LLC.

**REQUEST FOR ADMISSION NO. 13**

Admit that Exhibit A is a complete and accurate copy of the Denver Structures Note.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Denver Structures Note" assumes the very response that this request for admission is seeking. *See* Definition 14 ("The "Denver Structures Note" means the promissory note in the original principal amount of $476,000.00 that Denver Structures, LLC executed and delivered to the Bank on or about June 8, 2007, a copy of which is attached hereto as Exhibit A.")

Without waiving said objection, Defendants are without knowledge as to whether Exhibit A is a complete and accurate copy of the Denver Structures Note as defendants do not possess the original Denver Structures Note. Furthermore, Exhibit A incorporates by reference "a

48

separate construction loan agreement" which purports to govern all advances made subject to the Note, and Exhibit A does not contain a copy of the "separate loan agreement." *See* Exhibit A, p. 1, ¶ 2.

**REQUEST FOR ADMISSION NO. 14**

Admit that Denver Structures, LLC executed the Denver Structures Note on or about June 8, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Denver Structures Note" assumes the very response that this request for admission is seeking. *See* Definition 14 ("The "Denver Structures Note" means the promissory note in the original principal amount of $476,000.00 that Denver Structures, LLC executed and delivered to the Bank on or about June 8, 2007, a copy of which is attached hereto as Exhibit A.")

Without waiving said objection, Defendants cannot remember the precise date that they signed a note on behalf of Denver Structures, LLC related to a loan between New Frontier Bank and Denver Structures, LLC.

**REQUEST FOR ADMISSION NO. 15**

Admit that Exhibit B is a complete and accurate copy of the First Arvada Structures Note.

**RESPONSE:**

Defendants object to this request for admission since the definition of "First Arvada Structures Note" assumes the very response that this request for admission is seeking. *See* Definition 15 ("The "First Arvada Structures Note" means the promissory note in the original principal amount of $11,000,000.00 that Arvada Structures, LLC executed and delivered to the Bank on or about February 28, 2007, a copy of which is attached hereto as Exhibit B.")

Without waiving said objection, defendants are without knowledge as to whether Exhibit

B is a complete and accurate copy of the First Arvada Structures Note as defendants do not possess the original First Arvada Structures Note. Furthermore, the second page, second column of Exhibit B is cut-off and illegible, and therefore cannot be a "complete and accurate copy" of any note. *See* Exhibit B, p. 2.

**REQUEST FOR ADMISSION NO. 16**

Admit that Arvada Structures, LLC executed the First Arvada Structures Note on or about February 28, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "First Arvada Structures Note" assumes the very response that this request for admission is seeking. *See* Definition 15 ("The "First Arvada Structures Note" means the promissory note in the original principal amount of $11,000,000.00 that Arvada Structures, LLC executed and delivered to the Bank on or about September 20, 2007, a copy of which is attached hereto as Exhibit C.")

Without waiving said objection, Defendants cannot remember the precise date that they signed a note or notes on behalf of Arvada Structures, LLC, related to a loan between New Frontier Bank and Arvada Structures, LLC.

**REQUEST FOR ADMISSION NO. 17**

Admit that Exhibit C is a complete and accurate copy of the Second Arvada Structures Note.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Second Arvada Structures Note" assumes the very response that this request for admission is seeking. *See* Definition 16 ("The "Second Arvada Structures Note" means the promissory note in the original principal amount of $3,000,000.00 that Arvada Structures, LLC executed and delivered to the

Bank on or about September 20, 2007, a copy of which is attached hereto as Exhibit C.")

Defendants are without knowledge as to whether Exhibit C is a complete and accurate copy of the Second Arvada Structures Note as defendants do not possess the original Second Arvada Structures Note. Furthermore, Exhibit C incorporates by reference "a separate construction loan agreement" which purports to govern all advances made subject to the Note, and Exhibit C does not contain a copy of the "separate loan agreement." *See* Exhibit C, p. 1, ¶ 2

**REQUEST FOR ADMISSION NO. 18**

Admit that Arvada Structures, LLC executed the Second Arvada Structures Note on or about September 20, 2007.

**RESPONSE:**

Defendants object to this request for admission since the definition of "Second Arvada Structures Note" assumes the very response that this request for admission is seeking. *See* Definition 16 ("The "Second Arvada Structures Note" means the promissory note in the original principal amount of $3,000,000.00 that Arvada Structures, LLC executed and delivered to the Bank on or about September 20, 2007, a copy of which is attached hereto as Exhibit C.")

Without waiving said objection, Defendants cannot remember the precise date that they signed a note or notes on behalf of Arvada Structures, LLC, related to a loan between New Frontier Bank and Arvada Structures, LLC.

**SUPPLEMENTAL RESPONSE:**

**REQUEST FOR ADMISSION NO. 19**

Admit that at no time did you, either individually or on behalf of any entity, file, present, or assert any claim with the FDIC, formally or informally, regarding any affirmative defense to any of the claims asserted in this action.

**RESPONSE:**

Defendants object to this request for admission as the defendants have not yet answered the complaint in this action and therefore have yet to assert affirmative defenses to plaintiff's claims in this action. When and whether the defendants choose to pursue claims against the FDIC arising out of the allegations in the complaint is a matter of attorney-client privilege and attorney work-product and is therefore not discoverable.

**REQUEST FOR ADMISSION NO. 20**

Admit that at no time did you, either individually or behalf of any entity, file, pres ent, or assert any claim with the FDIC, formally or informally, regarding any of the Loans.

**RESPONSE:** Defendants object to this interrogatory as defendants have not yet filed an answer to the complaint and reserve the right to pursue claims against or involving the FDIC arising out of this action. When and whether the defendants choose to pursue claims against the FDIC arising out of the allegations in the complaint is a matter of attorney-client privilege and attorney work-product and is therefore not discoverable.

**REQUEST FOR ADMISSION NO. 21**

Admit you are not aware of any evidence refuting that the Venture is the current owner and holder of the Notes.

**RESPONSE:**

Defendants object to this request for admission as it calls for a legal conclusion, as the terms "evidence", "holder" and "owner" are technical legal terms that calls for defendants, who are not attorneys, to reach legal conclusions. Without waiving said objection, defendants do not possess any original note relating to loans between New Frontier Bank and Denver Structures, LLC or Arvada Structures, LLC. Defendants have not seen any original executed notes since this action commenced and do not have any personal knowledge as to who currently possesses any original note relating to loans between New Frontier Bank and Denver Structures, LLC, or

Arvada Structures, LLC.

**REQUEST FOR ADMISSION NO. 22**

Admit you are not aware of any evidence refuting that the Venture is the current owner and holder of the Guaranties.

**RESPONSE:**

Defendants object to this request for admission as it calls for a legal conclusion, as the terms "evidence", "holder" and "owner" are technical legal terms that call for defendants, who are not attorneys, to reach legal conclusions.  Without waiving said objection, defendants do not possess any original guaranty contract relating to loans between New Frontier Bank and Denver Structures, LLC or Arvada Structures, LLC.  Defendants have not seen any original executed guaranty contract since this action commenced and do not have any personal knowledge as to who currently possesses any original executed guaranty contracts relating to loans between New Frontier Bank and Denver Structures, LLC, or Arvada Structures, LLC.  Furthermore, the purported assignments from the FDIC which were attached to the complaint in this matter, do not reference any assignment of rights contained in any purported guaranty contracts, nor do the assignments mention guaranty contracts in any way.

**REQUEST FOR ADMISSION NO. 23**

Admit that Denver Structures, LLC has failed to paid, when due, all sums due pursuant to the terms and conditions of the Denver Structures Note.

**RESPONSE:**

Defendants object to this request for admission as it calls for a legal conclusion. Defendants object on the basis that Denver Structures, LLC has not been named as a party in this action, and therefore defendants' response in their individual capacity to this request for admission cannot bind Denver Structures, LLC.  Defendants object on the basis that the words

"due", "all sums" and "terms and conditions" are vague and the definitions of these terms has not been provided. For instance, it is unclear whether the term "all sums" includes interest, the amount of interest, principal only, or principal plus interest. It is also unclear whether the "terms and conditions" of the Denver Structures Note includes the terms contained in the "separate loan agreement" which is referenced on page 1 of Exhibit A, but not included with the Exhibit.

Without waiving any objection, to the extent Defendants have personal knowledge of the loan between New Frontier Bank and Denver Structures, LLC, defendants deny that any amounts of a loan from New Frontier Bank to Denver Structures, LLC are due and owing due to New Frontier Bank's breach of the construction loan agreement between Denver Structures, LLC and New Frontier Bank as a result of New Frontier Banks fraudulent lending practices which resulted in continued delays in disbursement of construction loan amounts and the postponement of construction on the site.

**REQUEST FOR ADMISSION NO. 24**

Admit that Arvada Structures, LLC has failed to pay, when due, all sums due pursuant to the terms and conditions of the First Arvada Structures Note.

**RESPONSE:**

Defendants object to this request for admission as it calls for a legal conclusion. Defendants object on the basis that Arvada Structures, LLC has not been named as a party in this action, and therefore defendants' response in their individual capacity to this request for admission cannot bind Arvada Structures, LLC. Defendants object on the basis that the words "due", "all sums" and "terms and conditions" are vague and the definitions of these terms has not been provided. For instance, it is unclear whether the term "all sums" includes interest, the amount of interest, principal only, or principal plus interest. Furthermore, the face amount of Exhibit B indicates only an initial disbursement of $3,326,290.65, therefore it is unclear whether

this request for admission references this amount when it refers to a "all sums" or if it refers to other additional amounts. It is also unclear what the "terms and conditions" of Exhibit B encompass, since the "terms and conditions" contained within the second column of the second page of Exhibit B are cut-off and illegible.

Without waiving any objection, to the extent Defendants have personal knowledge of the loan or loans between New Frontier Bank and Arvada Structures, LLC, defendants deny that any amounts of a loan from New Frontier Bank to Arvada Structures, LLC are due and owing due to New Frontier Bank's breach of the construction loan agreement between Arvada Structures, LLC and New Frontier Bank as a result of New Frontier Bank's fraudulent lending practices which resulted in continued delays in disbursement of construction loan amounts and the postponement of construction on the site.

**REQUEST FOR ADMISSION NO. 25**

Admit that Arvada Structures, LLC has failed to pay, when due, all sums due pursuant to the terms and conditions of the Second Arvada Structures Note.

Defendants object to this request for admission as it calls for a legal conclusion. Defendants object on the basis that Arvada Structures, LLC has not been named as a party in this action, and therefore defendants' response in their individual capacity to this request for admission cannot bind Arvada Structures, LLC. Defendants object on the basis that the words "due", "all sums" and "terms and conditions" are vague and the definitions of these terms has not been provided. For instance, it is unclear whether the term "all sums" includes interest, the amount of interest, principal only, or principal plus interest. It is also unclear whether the "terms and conditions" of the Second Arvada Structures Note includes the terms contained in the "separate loan agreement" which is referenced on page 1 of Exhibit C, but not included with the

Exhibit.

Without waiving any objection, to the extent Defendants have personal knowledge of the loan or loans between New Frontier Bank and Arvada Structures, LLC, defendants deny that any amounts of a loan from New Frontier Bank to Arvada Structures, LLC are due and owing due to New Frontier Bank's breach of the construction loan agreement between Arvada Structures, LLC and New Frontier Bank as a result of New Frontier Bank's fraudulent lending practices which resulted in continued delays in disbursement of construction loan amounts and the postponement of construction on the site.

This 28tth day of May, 2013 and 7th day of June, 2013.

MORITZ LAW, L.L.C.

*S/Rolf J. von Merveldt, III*
Rolf J. von Merveldt, III
Joel Moritz
3570 E. 12th Ave
Denver, CO 80206
Telephone: (303)-586-5004
FAX:(303)-555-5554
Attorneys for Defendants Hashem
Mikail and Kaveh Bral

This ___ day of _June_, 2013

By: _____
    **HASHEM MIKAIL**

STATE OF _California_    )
                        ) ss.
COUNTY OF _Los Angeles_  )

    SUBSCRIBED, SWORN TO AND ACKNOWLEDGED BEFORE ME by HASHEM MIKAIL this _7th_ day of _June_, 2013.

WITNESS my hand and official seal.

_____
Notary Public

PETRONA CASTILLO
Commission # 1916398
Notary Public - California
Los Angeles County
My Comm. Expires Jan 7, 2015

By: _____
    **KAVEH BRAL**

STATE OF _____  )
                        ) ss.
COUNTY OF _____  )

    SUBSCRIBED, SWORN TO AND ACKNOWLEDGED BEFORE ME by KAVEH BRAL this _____ day of _____, 2013.

WITNESS my hand and official seal.

_____
Notary Public